```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION


INEZ CHANCE                                          PLAINTIFF


VS.                        CIVIL ACTION NO. 3:14-cv-363-WHB-RHW


WAL-MART EAST, L.P., and JOHN DOE                   DEFENDANTS
```

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant for Summary Judgment.  Having considered the pleadings, the attachments thereto, as well as supporting and opposing authorities, the Court finds the Motion is well taken and should be granted.


### I.   Factual Background and Procedural History

Inez Chance ("Chance") alleges she was injured when she fell in the parking lot of a Wal-Mart store in Newton, Mississippi. Chance testified that while walking in the parking lot, she felt as if something "grabbed her foot" or "hooked to her toe", which caused her to fall.  After the fall, Chance and her companion, Lawrence Williams ("Williams"), walked around "and kind of looked for stuff" that she could have tripped on.  While looking, Chance saw a small indentation in the parking lot that had cracks running from it.  Williams estimated that the indentation was 1 1/2 to 1 3/4 inches deep.  Chance testified that she was "pretty sure" she

tripped because of the indentation as she "d[id]n't know what else [she] could have stepped on."

Chance later filed a premises liability action against Wal-Mart Stores East, LP, ("Wal-Mart") in state court.  The lawsuit was removed, and this Court may properly exercise federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332.  Wal-Mart has now moved for summary judgment on Chances's premises liability claim.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley

State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if the record demonstrates that no genuine issue of material fact exists. It is improper for the court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper if the court merely believes it unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Discussion

Under Mississippi law, the first step in a premises liability action is to determine the status of the injured party.  See Holmes v. Campbell Props., Inc., 47 So.3d 721, 724 (Miss. Ct. App. 2010). Here, there is no dispute that Chance would be classified as an invitee at the time of the alleged fall.  See id. at 724 (characterizing an invitee as "a person who enters the premises of another in response to an express or implied invitation of the owner or occupant for their mutual advantage.")(internal citations omitted).  "While a premises owner is not an insurer of the safety of invitees, the premises owner does have a duty of reasonable care, to maintain its premises in a reasonably safe condition." Pigg v. Express Hotel Partners, LLC, 991 So.2d 1197, 1199 (Miss. 2008).  The duties owed by a premises owner to an invitee are "the duty to keep its premises in a reasonably safe condition" and "the duty to warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." Id. at 1200 (internal citations omitted).  See also Cade v. Beard, 130 So.3d 77, 84 (Miss. 2014)(explaining that a premises owner owes an invitee, "a duty ... to keep the premises reasonably safe and, when not reasonably safe, to warn only of hidden dangers not in plain and open view.").

4

Here, Chance claims that her toe was hooked, or her foot was grabbed, by an indentation (i.e. "pothole") in the asphalt of the Wal-Mart parking lot. See Resp. [Docket No. 37], Ex. B (Chance Dep.) at 176, 179; Id., Ex. 6. According to Chance, the indentation was "tiny", see id. at 178, and was approximately 1 and 1/2 to 2 inches deep. See Mot. [Docket No. 33], Ex. C (Williams Dep.), 46. Under Mississippi law, the complained of "pothole" and resulting difference in elevation in the parking lot is not a dangerous condition. See e.g. Beasley v. Wal-Mart Stores, Inc., 2012 WL 1185946, at *2 (N.D. Miss. Apr. 9, 2012)(finding that "even if cracks are in ... pavement with changes in elevation", there does not exist a dangerous condition under Mississippi law)(citing, *inter alia*, City of Greenville v. Laury, 159 So. 121, 122 (1935)(reasonable jury could not have found that a crevice in the street measuring a half-inch to three inches in width and depth and 18 inches to two feet in length the street was of such character to make the street unsafe for use); City of Biloxi v. Schambach, 157 So.2d 386, 392 (1963)(sidewalk defect consisting of a three to four-inch differential in height between sidewalk blocks was not sufficient to impose liability); Bond v. City of Long Beach, 908 So.2d 879, 882 (Miss. Ct. App. 2005)(one inch elevation of the sidewalk did not create dangerous condition which the City should have anticipated)). Accordingly, the Court finds, as a matter of law, that Chance has not shown that the complained of "pothole"

5

constitutes a dangerous condition for the purposes of establishing a premises liability claim under Mississippi law. See e.g. Beasley, 2012 WL 1185946, at *2 (explaining that Mississippi "law does not require that sidewalks and flooring be completely level and free from cracks or defects")(citing Schambach, 157 So.2d at 392; Laury, 159 So. at 122); Parker v. Wal-Mart Stores, Inc.; 2007 WL 672263, at *3 (S.D. Miss. Feb. 28, 2007)(holding, as a matter of law, that a crack in the curbing around a parking lot that measured 3 inches by 3 inches by 2 and 5/8 inches deep, was not a dangerous condition because Mississippi law does not require that walkways be completely level and free from cracks or defects), aff'd 261 F. App'x 724, 726-27 (5th Cir. 2008)("Mississippi courts have repeatedly held that normally encountered dangers such as curbs, sidewalks, and steps are not hazardous conditions.  These normally occurring dangers often contain cracks and changes in elevation; they do not become hazardous conditions simply because they contain minor imperfections or defects.")(citations omitted).  The Motion of Wal-Mart for Summary Judgment will, therefore, be granted.

### V. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant for Summary Judgment [Docket No. 33] is hereby granted. A Final

Judgment dismissing this case with prejudice shall be entered this day.

SO ORDERED this the 23rd day of July, 2015.

s/ William H. Barbour, Jr.  
UNITED STATES DISTRICT JUDGE